IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:18-cv-541

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>COLIN CROSSMAN, DEANNA CROSSMAN, AND MT CHARLESTON LANDLORD, LLC,<br><br>    Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW, Plaintiff, Westfield Insurance Company ("Plaintiff"), complaining of Defendants, Colin Crossman, Deanna Crossman, and MT Charleston Landlord, LLC ("Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties") and seeking a declaratory judgment, alleges and states the following:

1. This is a Complaint for a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, in which Plaintiff seeks a determination of its rights and responsibilities under a specific policy of insurance issued to Memento Mori LLC in North Carolina.

2. Plaintiff was, and is, a corporation duly formed and existing by virtue of the laws of the State of Ohio. At all times relevant to this Complaint, Plaintiff was and is licensed to conduct business throughout the State of North Carolina.

3. Upon information and belief, Defendant Colin Crossman is a citizen and resident of Wake County, North Carolina.

4. Upon information and belief, Defendant Deanna Crossman is a citizen and resident of Wake County, North Carolina.

5. Upon information and belief, Defendant MT Charleston Landlord, LLC is a Nevada limited liability company organized under the laws of the state of Nevada.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that one or more of the Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

8. Plaintiff issued a policy of insurance to Memento Mori LLC in North Carolina under policy number TRA 4275594 (the "Policy"). A true and accurate copy of the Policy (including endorsements) is expressly incorporated herein and attached hereto as **Exhibit "A."**

9. The Policy became effective on February 4, 2018.

10. On or about March 19, 2018, MT Charleston Landlord, LLC was added to the Policy as an additional named insured.

11. Upon information and belief, Colin and Deanna Crossman were managers and/or members of MT Charleston Landlord, LLC and qualify as insureds under the Policy.

12. The Policy provides in relevant part as follows:

**SECTION I – COVERAGES**

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.…

    b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2. **Exclusions**

    This insurance does not apply to:

    a. **Knowing Violation of Rights of Another**

    "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

    b. **Material Published With Knowledge of Falsity**

    "Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

**SECTION V – DEFINITIONS**

14. "Personal and advertising injury" means injury including consequential "bodily injury," arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.** The use of another's advertising idea in your "advertisement"; or

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement."

13. On or about September 18, 2018, The Siegel Group Nevada, Inc., and Garrett Capital, LLC d/b/a Artisan Hotel Boutique (collectively "Underlying Plaintiffs") filed a Complaint in the Eighth Judicial District Court in Clark County, Nevada, Civil Action No. A-18-781311-C (the "Underlying Lawsuit").

14. A copy of the Underlying Lawsuit is expressly incorporated herein and attached hereto as **Exhibit "B."**

15. The Underlying Lawsuit alleges, among other things, that Defendants prepared a five-page "Executive Summary," which was published to third parties, regarding the acquisition of property in Mount Charleston, Nevada, which included "numerous false and defamatory statements" regarding the Underlying Plaintiffs.

16. The Underlying Lawsuit alleges, among other things, that Defendants are liable for "Business Disparagement."

17. The Underlying Lawsuit alleges, among other things, that Defendants made disparaging statements with reckless disregard for the truth of the statements.

18. Under Nevada law, "Business Disparagement" requires, among other things, a false and disparaging statement, which was made with malice.

19. The Underlying Lawsuit alleges, among other things, that the Underlying Plaintiffs are entitled to "Injunctive Relief" based on Defendants' acts.

20. By alleging "Business Disparagement" under Nevada law, the Underlying Plaintiffs have alleged Defendants knowingly violated the rights of the Underlying Plaintiffs.

21. As Defendants are alleged to have knowingly violated the rights of the Underlying Plaintiffs, Plaintiff does not have an obligation under the Policy to defend Defendants in the Underlying Lawsuit.

22. As Defendants are alleged to have knowingly violated the rights of the Underlying Plaintiffs, Plaintiff does not have an obligation under the Policy to indemnify Defendants from any damages sought in the Underlying Lawsuit.

23. By alleging "Business Disparagement" under Nevada law, the Underlying Plaintiffs have alleged Defendants published material with knowledge of its falsity.

24. As Defendants are alleged to have published material with knowledge of its falsity, Plaintiff does not have an obligation under the Policy to defend Defendants in the Underlying Lawsuit.

25. As Defendants are alleged to have published material with knowledge of its falsity, Plaintiff does not have an obligation under the Policy to indemnify Defendants from any damages sought in the Underlying Lawsuit.

26. In their claim for "Injunctive Relief" the Underlying Plaintiffs are not seeking damages because of a personal and advertising injury.

27. As Plaintiffs are not seeking damages because of a personal and advertising injury, Plaintiff does not have an obligation under the Policy to defend Defendants in the Underlying Lawsuit.

28. As Plaintiffs are not seeking damages because of a personal and advertising injury, Plaintiff does not have an obligation under the Policy to indemnify Defendants from any damages sought in the Underlying Lawsuit.

29. Plaintiff has retained counsel to defend Defendants in the Underlying Lawsuit under a reservation of rights.

30. Pursuant to the terms of the Policy, Plaintiff is not obligated to defend Defendants in the Underlying Lawsuit.

31. Pursuant to the terms of the Policy, Plaintiff is not obligated to indemnify Defendants for any damages sought or obtained in the Underlying Lawsuit.

## COUNT ONE - DECLARATORY JUDGMENT

32. Plaintiff incorporates as if fully set forth herein the allegations contained within the above paragraphs.

33. There exists an actual, substantial and justiciable issue in controversy between the Parties hereto with respect to Plaintiff's obligation to defend Defendants in the Underlying Lawsuit.

34. There exists an actual, substantial and justiciable issue in controversy between the Parties hereto with respect to Plaintiff's obligation to indemnify Defendants for any damages sought or obtained in the Underlying Lawsuit.

35. A judicial determination and a declaration of the rights and obligations of the Parties is necessary and appropriate at this time because Plaintiff has no adequate remedy at law which will resolve the current controversy.

36. For reasons set forth above, Plaintiff is entitled to a declaration from the Court that it is not obligated to defend Defendants in the Underlying Lawsuit.

37. For reasons set forth above, Plaintiff is entitled to a declaration from the Court that it is not obligated to indemnify Defendants for any damages sought or obtained in the Underlying Lawsuit.

WHEREFORE, Plaintiff prays for relief as follows:

1. For a declaration that Plaintiff is not obligated to defend Defendants in the Underlying Lawsuit;

2. For a declaration that Plaintiff is not obligated to indemnify Defendants for any damages sought or obtained in the Underlying Lawsuit;

3. For an award of attorneys' fees and costs pursuant to law;

4. For trial by jury as to all issues of fact; and

5. For such other and further relief as the Court may deem just and proper.

This the 7th day of November, 2018.

/s/ Jeffrey B. Kuykendal
Heather G. Connor
Jeffrey B. Kuykendal
McAngus, Goudelock & Courie, PLLC
P.O. Box 30307
Charlotte, NC 28230
heather.connor@mgclaw.com
jeffrey.kuykendal@mgclaw.com
*Counsel for Plaintiff*