UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-541-BO

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MT CHARLESTON LANDLORD, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for summary judgment. [DE 17, 20]. Both motions have been fully briefed and are ripe for disposition. For the reasons that follow, plaintiff's motion for summary judgment [DE 17] is denied without prejudice and defendant's motion for summary judgment [DE 20] is granted in part and denied without prejudice in part.

BACKGROUND

Plaintiff is an Ohio insurance company, licensed to operate in North Carolina. [DE 2, ¶ 2]. Defendant is a Nevada limited liability company. *Id.* ¶ 5. In February 2018, plaintiff issued an insurance policy to Memento Mori LLC in North Carolina. *Id.* ¶¶ 8–9. In March 2018, defendant was added to the insurance policy as an additional named insured. *Id.* ¶ 10.

The insurance policy provides that plaintiff will "pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury,'" and that plaintiff "will have the right and duty to defend the insured against any 'suit' seeking those damages." *Id.* ¶ 12; DE 2-1, p. 140. The policy further provides, however, that plaintiff will have no duty to defend in such suits if the policy is otherwise inapplicable. *Id.* Two exclusions are therefore relevant. First, the insurance policy does not apply to "'[p]ersonal and advertising injury' caused

by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising' injury." *Id.* This is the "Knowing Violation of Rights of Another" exclusion. *Id.* Second, the insurance policy does not apply to "'[p]ersonal and advertising injury' arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity." *Id.* This is the "Material Published With Knowledge of Falsity" exclusion. *Id.*

In September 2018, two plaintiffs initiated an action against defendant in the Eighth Judicial District Court in Clark County, Nevada. [DE 2, ¶ 13; DE 2-2]. The Nevada plaintiffs allege that defendant, in connection with an attempt to obtain financing for its acquisition of hotel property in Nevada, published a five-page document that included "numerous false and defamatory statements" about the Nevada plaintiffs. [DE 2, ¶ 15; DE 2-2, ¶¶ 14–19]. The Nevada plaintiffs alleged that defendant published the statements "with reckless disregard for the truth of the statements." [DE 2-2, ¶ 24]. The Nevada plaintiffs asserted a cause of action against defendant for business disparagement under Nevada law, which both parties agree alleges a "personal and advertising injury" that would seem to fall within the scope of the insurance policy. [DE 2, ¶ 16].

At issue is whether either of the two exclusions—Knowing Violation of Rights of Another or Material Published With Knowledge of Falsity—relieves plaintiff of its obligation to defend and indemnify defendant in the Nevada action. Plaintiff brought this declaratory judgment action in November 2018, asking this Court to declare that it is not obligated to defend or indemnify defendant in the Nevada action. *Id.* ¶¶ 32–37. In May 2019, plaintiff moved for summary judgment, arguing that both exclusions apply and that it need not defend or indemnify defendant in the Nevada action. [DE 17]. Defendant also moved for summary judgment, asking the Court to declare that the exclusions do not apply. [DE 20]. Defendant has since recognized that summary

2

judgment in its favor as to whether plaintiff has a duty to defend, given that the issue of indemnification cannot be settled until the Nevada action has been resolved. [DE 26, p. 3].

DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). In determining whether a genuine issue of material fact exists, a court must view the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). And "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48 (emphasis in original). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

At the outset, the Court is persuaded that there are no genuine issues of material fact such that summary judgment is not appropriate. At this stage, the dispute between the parties on the issue of priority is purely legal. To the very limited extent that plaintiff objects to defendant's

3

statement of undisputed facts, the Court finds that the dispute is not material to resolution of the underlying legal dispute.

The only question before the Court is whether the two relevant exclusions—Knowing Violation of Rights of Another and Material Published With Knowledge of Falsity—are applicable to the Nevada action such that plaintiff is not obligated to either defend or indemnity defendant in that action. The Nevada action involves conduct that allegedly caused a "personal and advertising injury" to the Nevada plaintiffs and, because the Nevada seek damages on their business disparagement claim, the insurance policy would seem to be applicable. Plaintiff now argues, however, that at least one of the two exclusions is applicable to the business disparagement claim.

The insurance policy at issue in this case was delivered in North Carolina and, as such, North Carolina law governs it. *See Fortune Ins. Co. v. Owens*, 351 N.C. 424, 428, 526 S.E.2d 463 (N.C. 2000) ("the substantive law of the state where the last act to make a binding contract occurred, usually delivery of the policy, controls the interpretation of the contract"). To determine whether an insurer has a duty to defend, North Carolina courts "apply the 'comparison test' which requires that the insured's policy and the complaint be read side-by-side to determine whether the events alleged are covered or excluded by the policy." *Plum Props., LLC v. N.C. Bureau Mut. Ins. Co.*, 802 S.E.2d 173, 175 (N.C. 2017). "[T]he duty to defend arises whenever there is a potential or possible liability to pay based on the allegations in the complaint and is not dependent on the probable liability to pay based on the facts ascertained through trial." *Auto-Owners Ins. Co. v. Potter*, 242 F. App'x 94, 99–100 (4th Cir. 2007) (quotations and citations omitted). "The duty to defend is excused only if the facts alleged in the complaint do not even arguably fall within the policy coverage and an independent investigation reveals no extrinsic facts demonstrating coverage." *Id.* (quotations and citation omitted).

The Court, then, must turn to the Nevada complaint and compare it to the insurance policy. To prevail on a claim for business disparagement under Nevada law, a plaintiff must prove:

> (1) a false and disparaging statement, (2) the unprivileged publication by the defendant, (3) malice, and (4) special damages. Notably, the principal differences between defamation per se and business disparagement concern the elements of intent and damages. As opposed to defamation, which merely requires some evidence of fault amounting to at least negligence, business disparagement requires something more, namely, malice. Malice is proven when the plaintiff can show either that the defendant published the disparaging statement with the intent to cause harm to the plaintiff's pecuniary interests, or the defendant published a disaparaging remark knowing its falsity or with reckless disregard for its truth.

*Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 504–05 (Nev. 2009) (citations omitted). Critically, a plaintiff pursuing a business disparagement claim must prove malice. If Nevada did not permit malice to be shown by reckless disregard of the truth, then plaintiff would be correct that the two exclusions, which both involve knowing misconduct, are applicable. But Nevada *does* permit malice to be shown by reckless disregard of the truth. And, in fact, the Nevada plaintiffs have not alleged that defendant knowingly published disparaging statements, but that defendant published statements with reckless disregard for their truth.

Here, the Court concludes that the Nevada claim for business disparagement does not fall within either of the two exclusions, at least with respect to the duty to defend. The North Carolina Court of Appeals decision in *Kubit v. MAG Mutual Insurance Company*, 210 N.C. App. 273, 708 S.E.2d 138 (N.C. Ct. App. 2011), is instructive. In *Kubit*, the court considered the applicability of the same two exclusions and determined that the "central question" in applying the exclusions was whether the underlying complaint "allege[d] any facts permitting the conclusions that the [insureds] did not know that their statements regarding [the underlying plaintiff] were false and did not know that they were violating [the underlying plaintiff's] rights and inflicting 'personal and advertising injury,' which is defined as including slandering a person or disparaging the

5

person's services." 210 N.C. App. at 286, 708 S.E.2d at 150. In *Kubit*, the underlying complaint alleged that the insureds had published "malicious falsehoods" and statements that were "false and malicious," but the Court of Appeals noted that the allegations did "not necessarily require the conclusion that the [insureds] knew the statements were false or that they knew the statements violated [the underlying plaintiff's] rights." *Id.* Indeed, in *Kubit* as in the Nevada action in this case, the underlying complaint alleged that the statements were made with reckless disregard for whether the statements were true or false. 210 N.C. App. at 287, 708 S.E.2d at 150. Here, as in *Kubit*, the underlying complaint clearly permits the conclusion that defendant had acted with reckless disregard for the truth, and is therefore liable for business disparagement under Nevada law, but that defendant nonetheless did not knowingly violate the underlying plaintiff's rights or knowingly publish false material. Other courts have similarly found that the "knowledge of falsity" exclusion was inapplicable in situations in which the insured could be liable for acting recklessly. *See, e.g., Travelers Cas. & Sur. Co. v. Schur*, 146 F. Supp. 3d 795, 801 (E.D. Va. 2015); *Warfield-Dorsey Co. v. Travelers Cas. & Sur. Co.*, 66 F. Supp. 2d 681, 689 (D. Md. 1999). Comparing the underlying complaint and the insurance policy side-by-side, as required in determining whether an insurer has the duty to defend, the Court concludes that plaintiff does have such a duty to defend in the Nevada action.

It would be premature to determine, however, that plaintiff also must indemnify defendant for the potential damages in the Nevada action. Although the issue of an insurer's duty to defend can be resolved based on the allegations in the underlying complaint, a determination of an insurer's duty to indemnify must necessarily rest on the determination of the facts at trial. *See N.C. Farm Bureau Mut. Ins. Co. v. Cox*, 823 S.E.2d 613, 625 (N.C. Ct. App. 2019) (citing *Wilkins v. Am. Motorists Ins. Co.*, 97 N.C. App. 266, 269, 388 S.E.2d 191, 193 (N.C. 1990)); *Waste Mgmt.*

*of Carolinas, Inc. v. Peerless Ins. Co.*, 316 N.C. 688, 691, 340 S.E.2d 374, 377 (N.C. 1986). It is therefore appropriate to stay the issue of plaintiff's duty to indemnify defendant pending resolution of the factual issues in the underlying action.

In sum, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted as to the issue of plaintiff's duty to defend, but denied as to the issue of plaintiff's duty to indemnify. As to the duty to indemnify, the denial of the parties' motions shall be without prejudice. Defendant is entitled to continue receiving from plaintiff a defense in the Nevada action.

## CONCLUSION

For the reasons discussed above, plaintiff's motion for summary judgment [DE 17] is DENIED WITHOUT PREJUDICE and defendant's motion for summary judgment [DE 20] is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. The case is hereby STAYED pending resolution of the factual issues in the Clark County, Nevada litigation, Civil Action No. A-18-1781311-C. In light of the stay, the clerk is DIRECTED to remove this matter from the Court's active docket. The parties are ORDERED to provide notice to this Court at the time that the stay can be lifted.

SO ORDERED, this 31 day of July, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE